

Rodney R. Latham-Brown
16220 N. 7th Street, #2250
Phoenix, Arizona 85022
Tel: (206) 683-2411
rbezzy@yahoo.com
Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

RODNEY R. LATHAM-BROWN,

    Plaintiff,

v.

TRIDENT SECURITY SERVICES, INC.

    Defendant.

Case No. CIV '10 1986 PHX GMS

COMPLAINT

(JURY TRIAL DEMANDED)

    Plaintiff Rodney R. Latham-Brown (hereinafter referred to as Plaintiff Brown), for his complaint alleges the following against Defendant Trident Security Services, Inc.

### PARTIES, JUSRISDICTION AND VENUE

    1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as Amended (42 U.S.C. § 2000e, et seq.) (hereinafter referred to as "Title VII"), 42 U.S.C. § 1981 and 28 U.S.C. § 1331.

    2.    Plaintiff is an African-American adult male and a citizen of the United States who currently resides in Phoenix, Maricopa County, Arizona.

    3.    Trident Security Services, Inc. is an employer in Tempe, Maricopa County,

Arizona, and employs more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in a current or preceding year.

4. Trident Security Services, Inc. is a Arizona corporation authorized at all relevant times to do business in the Stat of Arizona.

5. Trident Security Services, Inc. provides security protection for various companies in the State of Arizona.

## GENERAL ALLEGATIONS

6. Brown incorporates by reference each and every allegation contained in paragraphs 1 through 17 as though fully set forth herein.

7. On or about August 14, 2008, Brown completed and signed Defendant's Post Offer Pre-Employment Medical Examination Form. In addition, Brown acknowledged that he received from Defendant the following items. (A) Sexual Harassment Policy, (B) Equal Opportunity Policy, (C) Safety Manual, (D) Grievance Form, (E) FMLA Notification, (F) Employee Handbook, (G) Employment Agreement, and (H) Harassment Discrimination Policy. Brown was one of six applicants who applied for the K9 Dog Hander position. Brown was the only applicant well qualified for the position. Brown began his employment with Defendant Trident Security Services, Inc. as a K9 Dog Handler on September 10, 2009. Brown was responsible for a $10,000 guard dog.

8. Shortly after Brown was hired, he was assigned to Saint Joseph Hospital where he began to experience discriminatory treatment from white co-workers who wanted his job. During his employment at Saint Joseph Hospital, he was constantly subjected to racial jokes and comments regarding his race. The alleged harasser, Senior Lt. Supervisor, Less Rankin, a White male, constantly told nigger jokers, made derogatory racial remarks

about President Barack Obama, by stating that since he is Black, then all Black people must like to eat fried chicken. Rankin often referred to President Obama as a Black Jew, plus he made it a habit of saying that Black men like to date White women because they have fat asses. Brown on numerous occasions told Rankin that he didn't appreciate his racial jokes and comments and to stop. Brown's requests fell on deaf ears because Rankin continued to make the derogatory racial remarks and comments. Rankin's actions created a hostile work environment for Brown.

        9.      Brown witnessed Rankin using an illegal drug (cocaine) while at work. Brown also witnessed Rankin assaulting an African-American male in March 2009. Supervisor Joseph Cortez, Hispanic, approached Brown and asked him what did he see. Cortez told Brown to give the police a statement, but leave out the part of Rankin assaulting the African-American male. Brown submitted a report about incident to Jimmy Clayton, Manager. Brown on numerous occasions complained to Clayton about the racial jokes and comments Rankin was making about his race. Brown claims to his knowledge there was no disciplinary action taken against Rankin.

        10.     After Brown complained about the discriminatory treatment that he was receiving, Rankin began writing and falsely accusing Brown of violating Defendant's work rules and policies. Throughout Brown's employment, he never received any verbal and/or written warnings from Saint Joseph Hospital or Defendant for violating work rules and policies. Saint Joseph's Human Resources Department never received any complaints about Brown's job performance. Furthermore, Saint Joseph Hospital never sent any documentation to Defendant about Brown failing to perform his job duties.

        11.     All the things that Rankin submitted in writing accusing Brown of not

doing his job as a K9 Dog Handler was bogus because he had no documentation to support the claims. Rankin wanted Brown's position so bad; that he would do anything to get it. Nevertheless, Rankin was not qualified for the position because of his domestic problems at home prevented him from getting the job.

12. Defendant's client, Saint Joseph Hospital had no problems with Brown's job performance. Channel 3 made a visit to the facility for a story. Brown was chosen to demonstrate how he was providing security as a K9 Dog Handler. The camera crew and reporter followed him around the hospital while telling their story to the public. Brown was never provided with any documentation prior to Defendant's letter of July 30, 2009, accusing him of violating work rules and numerous complaints being received about his job performance. Defendant's letter of July 30, 2009, regarding Brown's job performance and numerous complaints does not withstand scrutiny.

13. After Brown complained about the unlawful discriminatory treatment he was receiving, he was retaliated against by being removed from Saint Josephs Hospital on May 29, 2009, and subsequently terminated on June 2, 2009.

14. Plaintiff Brown applied for unemployment benefits after being terminated by Defendant Trident Security Services, Inc. The Defendant at first tried to prevent Brown from getting his benefits. Brown filed an appeal with the Arizona Department of Economic Security (DES). The DES Office of Appeals awarded Brown his unemployment benefits because Defendant Trident Security Services, Inc. could not provide any evidence and/or documentation which indicated that he was terminated for misconduct connected with his employment.

15. On or about July 31, 2009, Brown filed a Charge of Discrimination, Charge

No. 540-2009-03829 with the Equal Employment Opportunity Commission (EEOC), alleging that, among other things, adverse action had been taken against him. Brown later amended the charge to add retaliation.

16.     On or about June 18, 2010, the EEOC issued Brown a Right to Sue Letter with regard to the Amended Charge No. 540-2009-03829 (a copy of which is attached).

17.     As a result of Defendant's actions, Plaintiff Brown has suffered lost of income, lost of benefits, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

## COUNT ONE

### (Disparate Treatment Pursuant to Title VII)

18.     Brown incorporates by reference each and every allegation contained in paragraphs 1 through 23 as though fully set forth herein.

19.     Brown was qualified for the position as K9 Dog Handler, plus he was fully successful in performing the job during his employment with Defendant.

20.     Brown was subjected to adverse employment actions by Defendant.

21.     Similarly situated individuals outside of Brown's protected class were treated more favorably than Brown.

22.     Defendant willfully, intentionally and unlawfully discriminated against Brown on the basis of his race in violation of Title VII.

23.     Defendant's actions were done with malice or with reckless indifference to Brown's federally protected rights.

## COUNT TWO

### (Retaliation)

24. Brown incorporates by reference each and every allegation contained in paragraphs 1 through 28 as though fully set forth herein.

25. In complaining about the discriminatory acts, Brown engaged in protected activity under Title VII.

26. A causal link exists between Brown's protected activity and Defendant's adverse actions.

27. Defendant willfully, intentionally and unlawfully discriminated against Brown in violation of Title VII.

28. Defendant's actions were done with malice or reckless indifference to Brown's federally protected rights.

## COUNT THREE

### (Race Discrimination Pursuant to 42 U. S. C. § 1981)

29. Brown incorporates by reference each and every allegation contained in paragraphs 1 through 31 as though fully set forth herein.

30. In treating Brown less favorably than similarly situated individuals outside of Brown's protected class and/or in retaliating against Brown in relation to his complaint of discrimination, Defendant violated 42 U. S. C. § 1981.

31. Defendant's actions were done with malice or with reckless indifference to Brown's federally protected rights.

**WHEREFORE**, Plaintiff Rodney R. Latham-Brown requests that this Honorable Court grants judgment against Defendant and:

(A) Issue and order awarding Brown back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Brown whole and compensate him for the civil rights violations described above;

(B) Award Brown front pay, fringe benefits and other compensation;

(C) Award Brown punitive damages;

(D) Award Brown attorney's fees and cost of this action; and

(E) Award Brown such other legal and equitable relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of September, 2010.

By _____
Rodney R. Latham-Brown

Copy of the foregoing
delivered this 17th day of
September, 2010, to:

Clerk of Court
Sandra Day O'Connor United States Federal Courthouse
401 West Washington Street, Suite 130
Phoenix, Arizona 85003
(602) 322-7200

By _____
Rodney R. Latham-Brown

# EXHIBIT 1

# CHARGE NO. 540-2009-03829

# NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE

**MARICOPA COUNTY BRANCH**
P.O. Box 20883 • Phoenix, Arizona 85036-0883

# FAX



Date 10/29/09

Number of pages including cover sheet 4

To:
Dina Cruz
EEOC Phoenix D.O.
3300 N. Central Ave
STE 690
Phoenix, AZ

Phone 602/640-4894
Fax Phone 602/640-5071
CC:

From: Rev. Oscar S. Tillman, President
John Treadwell

Phone (602) 252-4064
Fax Phone (602) 252-2954

**REMARKS:**

☐ Urgent   ☒ For your review   ☐ Reply ASAP   ☐ Please comment

Amended Charge

# NATIONAL ASSOCIATION for the ADVANCEMENT of COLORED PEOPLE



**MARICOPA COUNTY BRANCH**
P.O. Box 20883 * Phoenix, Arizona 85036-0883
Telephone: (602) 252-4064
Fax: (602) 252-2954

October 29, 2009

Dina Cruz
U.S. Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012

**RE: Rodney R. Latham-Brown v. Trident Security Services**
**EEOC Charge No. 350-2009-03829**

Dear Ms. Gruz:

In reference to the above filed against Trident Security Services; we are requesting the charge be amended and reserved on the employer. Attached is a copy of the amended charge. We appreciate your cooperation regarding this matter.

Sincerely,

John Treadwell
cc: Rodney R. Latham-Brown

Rodney R. Brown Latham-Brown

v.

Trident Security Services

Amended Charge: 540-2009-03829

**DESCRIMINATION BASES ON: RACE & RETALIATION**

I was hired by the Respondent as a K9 Handler on September 10, 2008. During my employment I was exposed to racial jokes and comments regarding my race made by White co-workers which created a hostile work environment for me. I complained to management about the discriminatory treatment; however, nothing was done to correct the problem. I was constantly falsely accused of violating company policy by management and co-workers. Throughout my employment I have never been issued any correction actions for violating company policy. This is proof that I never violated company policy. On May 29, 2009, I was terminated from my employment as a result of the false accusations made against me.

I believe I was discriminated against because of my race, Black, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>540-2009-03829 |
|---|---|---|

Arizona Attorney General's Office, Civil Rights Division  and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Rodney R. Latham-Brown | (206) 683-2411 | 01-16-1978 |

Street Address: 16220 North 7th Street Unit 2250, Phoenix, AZ 85022

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TRIDENT SECURITY SERVICES | 201 - 500 | (480) 736-1221 |

Street Address: 2085 S. Cottonwood Dr., Tempe, AZ 85282

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 06-02-2009
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent as a K9 Handler on September 10, 2008. During my employment I was exposed to racial jokes and comments regarding my race. I was constantly falsely accused of violating company policy by management and co-workers. Throughout my employment I have never been issued any corrective actions. However, on May 29, 2009, I was terminated from my employment as a result of the false accusations made against me.

I believe I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 31, 2009
*Date — Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

# EXHIBIT 2

# RIGHT TO SUE LETTER

| EEOC Form 161 (11/09) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rodney R. Latham-Brown<br>16220 North 7th Street Unit 2250<br>Phoenix, AZ 85022 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2009-03829 | Berta E. Echeveste,<br>Supervisory Investigator | (602) 640-5034 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Rayford O. Irvin,
Acting District Director

JUN 1 8 2010
*(Date Mailed)*

Enclosures(s)

cc: Lisa Kamtarowski
TRIDENT SECURITY SERVICES
2085 S. Cottonwood Dr.
Tempe, AZ 85282



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Status Line: (602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Mr. Rodney R. Latham-Brown
16220 North 7th Street, Unit 2250
Phoenix, Arizona 85022

Subject: Dismissal of Charge

Charge Number: 540-2009-03829

Dear Mr. Latham-Brown:

We have completed a preliminary review of your case. At this time, the information in the file does not indicate that any further investigation of your case would necessarily result in any finding of discrimination. The evidence indicates that you had performance issues and that the employer applied progressive disciplinary actions that included termination. There is no evidence that race, age, or retaliation were factors in the employer's decision. Consequently, we have decided that the Equal Employment Opportunity Commission (EEOC) will not investigate this case any further. This letter, and the enclosed documents, will dismiss your case and no further action will be taken by the EEOC.

This dismissal is not a statement on the merits of your case. You still have rights under Federal law to privately pursue this matter in Federal Court. We have enclosed a Dismissal and Notice of Right to Sue form with this letter. This form will explain your rights. Please note that *you have only 90 days from the date that delivery of the Notice was <u>attempted</u> at your last known address of record or 90 days of receipt of the Notice, whichever is earlier, to file suit in Federal Court, or you will lose your right to file a lawsuit against the respondent named in your charge.*

If you have any questions, please feel free to contact me at **(602) 640-5034.**

Sincerely,

JUN 1 8 2010

_____
Date
Enclosure

_____
**Berta E. Echeveste**
**EEOC Representative**